OPINION OF THE COURT
Joseph B. Goldman J.
In this summary holdover proceeding, petitioner alleges that the occupancy of a cellar area by the respondent is illegal and that as a result he has been served with two violations. Respondent moves to dismiss petitioner’s case for failure to prove a prima facie case.
Multiple Dwelling Law § 300 (6) provides "No room in a cellar or basement shall be occupied for living purposes unless the department shall issue a written permit for such occupancy after all the applicable provisions of law have been complied with. If such permit is refused or revoked, the reason for such action shall be stated by the department in writing *1051 and a copy of such statement shall be recorded by the department and be accessible to the public. In a tenement such permit shall be kept readily accessible in the main living room of the apartment containing such cellar or basement room.”
Multiple Dwelling Law § 301 (1) provides "No multiple dwelling shall be occupied in whole or in part until the issuance of a certificate by the department that said dwelling conforms in all respects to the requirements of this chapter”.
Respondent argues that because this proceeding has been brought against a rent-controlled tenant without a certificate of eviction petitioner may only seek an eviction when a vacate order has been issued or the violations result from tenant’s actions. (Administrative Code of City of New York § Y51-6.0 [a] [3]; New York City Rent and Eviction Regulations § 52 [c] [9 NYCRR 2204.2 (a) (3)].)
Specifically, the Administrative Code and New York City Rent and Eviction Regulations both provide that: "Occupancy of the housing accommodation by the tenant is illegal because of the requirements of law, and the landlord is subject to civil or criminal penalties therefor, or both, provided, however, that such occupancy shall not be considered illegal by reason of violations placed against the housing accommodations or the building in which same are located by any department or agency of the city having jurisdiction, unless such department or agency has issued an order requiring the tenants to vacate said accommodations or building, or unless such occupancy for such building or such violations relied on by the landlord result from an act, omission or situation caused or created by the tenant” (9 NYCRR 2204.2 [a] [3]).
Multiple Dwelling Law § 3 (5) provides "Whenever a provision of any local law, ordinance, resolution or regulation is more restrictive in a requirement for height, area or use, such local law, ordinance, resolution or regulation shall govern and take precedence over any lesser requirements of this chapter. When, however, the provisions of this chapter impose more restrictive requirements, the provisions of this chapter shall govern.”
Although section 3 (5) refers specifically only to height, area and use, the court holds that Administrative Code § Y51-6.0 (a) (3) and New York City Rent and Eviction Regulations § 52 (c) (9 NYCRR 2204.2 [a] [3]) are more restrictive than the Multiple Dwelling Law and are therefore controlling herein.
*1052 Petitioner argues also that its prima facie case fulfills the second portion of the New York City Rent and Eviction Regulations § 52 (c) in that "such violations relied on by the landlord result from an act, omission or situation caused or created by the tenant” (9 NYCRR 2204.2 [a] [3]).
This argument is insupportable. Black’s Law Dictionary (5th ed 1979) defines the words "cause” and "created” as follows: "Cause, v. To be the cause or occasion of; to effect as an agent; to bring about; to bring into existence; to make to induce; to compel.” (Id,., at 200.) "Create. To bring into being; to cause to exist; to produce; as, to create a trust, to create a corporation.” (Id., at 330.) Merely because respondent has resided at the premises since 1968 he cannot be said to be the "cause” or the "creator” of the situation. This is particularly so because petitioner admitted at trial that he has owned the building since 1973 and never previously sought an eviction against this tenant. Furthermore, petitioner testified that in 1981, at petitioner’s request, respondent moved from the front portion of the cellar to the rear portion so that petitioner could renovate the premises into a garage for his daughter’s use. In a situation such as this one where petitioner participated in the creation of the conditions and in fact benefited from them, he cannot now claim that the respondent is the "cause and creator” of said violations.
Petitioner has failed to prove a prima facie case.
Petition dismissed.